UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GUTIERREZ, CDCR #F-02975, <br><br>　　　　　　　　　Plaintiff, <br><br>　v. <br><br>R.C. JOHNSON; R. RIPPA; D. TAMAYO; A. CHAVEZ; JOHN DOES; JANE DOES, <br><br>　　　　　　　　　Defendants. | Case No.: 20-cv-01836-BAS-WVG <br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 4);** <br><br>**AND** <br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM** |

Plaintiff Juan Gutierrez, incarcerated at California State Prison – Los Angeles County ("CSP-LAC") located in Lancaster, California and proceeding pro se, filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983.[1]  (ECF No. 1.)  Plaintiff has not prepaid the $400 civil filing fee required by 28 U.S.C. § 1914(a); instead, he seeks to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF Nos. 2, 4.).  The Court denied Plaintiff's initial motion to proceed IFP for failing to attach his most current certified trust account statement.  (ECF Nos. 2, 3.)  Pursuant to the Court's order, Plaintiff filed a renewed Motion to Proceed IFP the same day.  (ECF No. 4.)

---

[1] R.C. Johnson was initially listed as a defendant, but a review of Plaintiff's Complaint indicates that this was done in error.  Plaintiff listed "R.C. Johnson" as a defendant in a case he previously filed and does not appear that he intended to name "R.C. Johnson" as a defendant in this matter.  (*See* Compl. at 1–2.)

- 1 -

20cv1836

## I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his renewed Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report. (ECF No. 4.) *See also* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This document shows Plaintiff had only $2.15 to his credit at the time of filing. (ECF No. 4 at 6.) Based on this accounting, the Court grants Plaintiff's Motion to Proceed IFP (ECF No. 4) and assesses no initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). The Court directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or her designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   SCREENING

### A.   Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B.   Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015); *West v. Atkins*, 487 U.S. 42, 48 (1988). However, Plaintiff's Complaint contains virtually no factual allegations whatsoever. Thus, as currently presented, Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8 ("Rule 8") and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 677–78.

- 4 -

20cv1836

### 1. Due Process and State Law Claims

In "Claim 1," Plaintiff alludes to due process violations in unidentified disciplinary proceedings and lists a number of state law causes of action including battery and breach of contract. (*See* Compl. at 5.)  However, Plaintiff does not state any facts to explain the circumstances and conduct from which these violations of his civil rights allegedly arose. This type of submission falls far short of stating a plausible claim for relief.  *See Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see Iqbal*, 556 U.S. at 677–78.  In addition to the grounds for sua sponte dismissal set out in § 1915(e)(2)(B) and § 1915A(b), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996).  "Rule 8 marks a notable and generous departure from the hyper-technical, code pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

The court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)); however, it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Even pro se litigants must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim.  *Jones v. Comm'ty Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984).  Complaints like the one Plaintiff has filed, which "tender [only] 'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  Legal conclusions, such as violations of due

process (*see* Compl. at 5), "can provide the framework of a complaint, [but] they must be supported by factual allegations," lest a plaintiff face dismissal. *Id.*

### 2. Eighth Amendment

To the extent that Plaintiff may be also attempting to state an Eighth Amendment claim, he fails to state a claim upon which relief may be granted. In Plaintiff's "request for relief," he alleges he came "close to dying" and he may be alleging he was assaulted by other inmates. (Compl. at 6.) Plaintiff claims he "had to be taken to the off-site hospital." (*Id.*)

"The Eighth Amendment requires that prison officials 'must take reasonable measures to guarantee the safety of the inmates.'" *United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) ("[P]rison officials have a duty [under the Eighth Amendment] . . . to protect prisoners from violence at the hands of other prisoners."); *see also Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. "In *Wilson v. Seiter*, [the Supreme Court] rejected a reading of the Eighth Amendment that would allow liability to be imposed on prison officials solely because of the presence of objectively inhumane prison conditions." *Id.* at 838 (citing *Wilson*, 501 U.S. 294, 299–302 (1991)). Therefore, a prison official's failure to protect an inmate violates the Eighth Amendment only when "(1) the deprivation alleged is 'objectively, sufficiently serious' and (2) the prison officials had a 'sufficiently culpable state of mind,' acting with deliberate indifference." *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834).

To satisfy the first objective pleading requirement, the prisoner must allege sufficient factual content to plausibly "'show[ ] that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Lemire v. Calif. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013) (quoting *Farmer*, 511 U.S. at 834); *see also Disability Rights Montana, Inc. v. Batista*, 930 F.3d 1090, 1097 (9th Cir. 2019). To satisfy the second

subjective pleading requirement, he must also "plead factual content" to show that each defendant was aware of facts from which the inference could be drawn that a substantial risk of harm existed, and that each also drew and disregarded that inference. *Iqbal*, 556 U.S at 678; *Farmer*, 511 U.S. at 837.

As currently pleaded, however, Plaintiff's Complaint fails to allege any specific facts that would show that any of the named Defendants were aware of a risk to his safety. Instead, Plaintiff references an "[o]fficial's knowledge of risk" and a claim that they "did nothing." (Compl. at 6.) However, these factual allegations are far from sufficient to show that any of the named Defendants acted with deliberate indifference to a serious risk to his safety. *Farmer*, 511 U.S. at 834. Plaintiff does not allege any facts to plausibly show that Defendants knew of and disregarded any known or obvious excessive risk to his safety or failed to take reasonable steps to abate such a risk. *Farmer*, 511 at 837.

For these reasons, Plaintiff's Eighth Amendment claims as alleged against Defendants are subject to sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

## III. CONCLUSION AND ORDERS

For the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 4).

2. **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). **PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.**

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4.     **DIRECTS** the Clerk of Court to terminate Defendant R.C. Johnson as a defendant in this matter as R.C. Johnson was named a defendant in error.

5.     **DISMISSES** Plaintiff's Complaint in its entirety for failing to comply with the Federal Rule of Civil Procedure 8 and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

6.     **GRANTS** Plaintiff sixty (60) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

7.     **DIRECTS** the Clerk of Court to mail Plaintiff a blank copy of the Court's approved form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for his use in amending.

**IT IS SO ORDERED**.

**DATED: October 13, 2020**

Hon. Cynthia Bashant
United States District Judge