# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GUTIERREZ, CDCR #F-02975, <br><br> Plaintiff, <br><br> v. <br><br> R.C. JOHNSON, et al., <br><br> Defendants. | Case No.: 20-cv-01836-BAS-WVG <br><br> **ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** |

Plaintiff filed this civil rights action on September 16, 2020 alleging various violations arising from his incarceration in state prison. (ECF No. 1.) However, following several orders of the Court, Plaintiff has not taken any action to move this case forward. Accordingly, for the reasons discussed below, the Court exercises its inherent authority to dismiss Plaintiff's action.

**I.   BACKGROUND**

Plaintiff filed this action on September 16, 2020. (ECF No. 1.) After permitting Plaintiff to proceed without prepayment of the filing fee, the Court dismissed Plaintiff's Complaint for failing to state claims for relief and granted him 60 days leave to file an amended pleading fixing the noted deficiencies. (ECF No. 5.) Thus, Plaintiff's deadline to amend, accounting for the weekend, was set for December 14, 2020.

Three days after this deadline, Plaintiff moved for a 45-day extension of time to file an amended complaint, which the Court granted. (ECF Nos. 7, 8.) Again, three days after

the new deadline of February 5, 2021 passed, Plaintiff moved for a second extension of time to February 19, 2021, which was also granted. (ECF Nos. 10, 11.)

After receiving no filings from Plaintiff by the deadline, the Court then issued an Order to Show Cause ("OSC") why Plaintiff's action should not be dismissed for his failure to prosecute the action. (ECF No. 12.) After Plaintiff filed a nonresponsive declaration (ECF No. 14)—his first filing in the case after two months of inactivity—and the Court granted Plaintiff a final opportunity to file an amended complaint by April 27, 2021. (ECF No. 15.) Plaintiff was warned that no additional extensions of time to file an amended complaint would be granted and that failure to timely file an amended complaint would result in dismissal. (*Id.*) As of the date of this Order, Plaintiff has not filed an amended complaint.

## II. LEGAL STANDARD

"District courts have the inherent power to control their dockets and, '[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir.), *cert. denied,* 475 U.S. 829 (1986); *accord Link v. Wabash, R.R. Co.*, 370 U.S. 626, 630–31 (1962) (holding courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") Although due process generally requires that the party have notice and the opportunity to be heard before dismissal, when a party may be said to have knowledge of the consequences of his failure to act, the court may dispense with the necessity for advance notice and a hearing. *Link*, 370 U.S. at 630–32.

"Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260. Therefore, to determine whether dismissal under its inherent authority is appropriate, "the district court must weigh five factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

drastic alternatives." *Id.* at 1260–61 (internal quotations omitted).  Generally, these five factors weigh in favor of sua sponte dismissal where a plaintiff has failed to prosecute a case or comply with an order of the court.  *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987); *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

### III.   ANALYSIS

After weighing the five factors below, the Court finds that dismissal of this action is warranted because Plaintiff has not demonstrated compliance with this Court's OSC.

#### A.   Public's Interest In Expeditious Resolution

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  In this case, Plaintiff's inaction has undermined expeditious resolution. First, this case has been pending for over seven months since the Court issued its initial order granting leave to amend.  The Court cannot await indefinitely Plaintiff to take the necessary unilateral action to move his own case past the screening stage.  Thus, the Court finds that this factor weighs in favor of dismissal.

#### B.   Court's Need to Manage its Docket

A district court is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.  *Ash v. Cuetkov*, 739 F.2d 493, 496 (9th Cir. 1984).  Plaintiff's failure to complete basic measures to move this action forward has resulted in continued delays in the prosecution of this case and has "impermissibly allowed [P]laintiff to control the pace of the docket rather than the [C]ourt." *See Smith v. Cty. Of Riverside Sheriff Dep't*, No. ED CV 17-1969 DSF (SP), 2019 WL 7865170, at *3 (C.D. Cal. Nov. 18, 2019) (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.")).  Consequently, this factor also weighs in favor of dismissal.

### C. Prejudice to the Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "[T]he pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal." *Yourish*, 191 F.3d at 991; *accord Ash*, 739 F.2d at 496. However, "even in the absence of a showing of actual prejudice to the defendant," prejudice is presumed from unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131.

Plaintiff has neither filed an amended complaint nor responded to the OSC and has therefore offered no justification for failing to comply with court orders. In these circumstances, the prejudice to the opposing parties is sufficient to favor dismissal. *See Clark v. Paramo*, No. CV 17-8381 RGK (SS), 2018 WL 7133708, at *3 (C.D. Cal. Dec. 6, 2018) ("Where a party offers a poor excuse (or no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal.") (citing *Yourish*, 191 F.3d at 991–92); *see also Little v. Upland Police Dep't*, No. 5:19-CV-01055-VAP-MAA, 2019 WL 7285298, at *3 (C.D. Cal. Nov. 7, 2019) (finding prejudice where plaintiff did not respond to an OSC or file an amended complaint).

This factor therefore also weighs in favor of dismissal.

### D. Public Policy

Public policy favors disposition of cases on the merits. *Pagtalunan*, 291 F.3d at 643. The Court recognizes that this factor weighs against dismissal.

### E. Availability of Less Drastic Alternatives

This factor examines whether less drastic alternatives to dismissal are feasible given the circumstances of the case. *In re Eisen*, 31 F.3d at 1455. "[A] district court's warning to a party that [its] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262.

First, as stated previously, the Court warned Plaintiff that his failure to timely respond to the OSC would result in dismissal. Further, the Court has granted Plaintiff multiple extensions and two additional opportunities to file a belated amended pleading. In light of this, the Court finds that less drastic alternatives to dismissal are not available in these circumstances. *See Little*, 2019 WL 7285298, at *3 ("Alternatives to dismissal do not appear to be appropriate given Plaintiff's failure to participate in his own lawsuit."). As such, this factor weighs in favor of dismissal.

On balance, four out of five factors weigh in favor of dismissal. Accordingly, the Court exercises its inherent authority to dismiss Plaintiff's complaint without prejudice. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) ("While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor."); *see also Bolden v. Ponce*, No. 2:20-CV-04392-JFW-MAA, 2021 WL 50851, at *3 (C.D. Cal. Jan. 6, 2021) (dismissing for failure to comply with OSC); *Shakar R. v. Saul*, No. 5:19-01716 FMO (ADS), 2020 WL 2319877, at *1 (C.D. Cal. May 11, 2020) (same).

### IV. CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this civil action in its entirety based on Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b). The Clerk is directed to close this case.

**IT IS SO ORDERED.**

**DATED: May 11, 2021**

Hon. Cynthia Bashant
United States District Judge